IN THE SUPERIOR COURT OF GUAM



SUPERIOR COURT OF GUAM

2014 MAR 31  AM 9: 26

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>v.<br><br>VINCENT PETER CAMACHO,<br><br>              Defendant. | CRIMINAL CASE NO. CF0022-09<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on March 25, 2014, for a hearing on the Defendant's Motion to Exclude Evidence under Guam Rules of Evidence 404(b), 413, and 403. The People were represented by Assistant Attorney General Elizabeth S. Vasiliades. Attorney Stephen Hattori represented Vincent Peter Camacho ("Defendant"). After the Court indicated its inclination to allow for the Rule 413 evidence, Attorney Hattori requested a written decision on the motion. The Court now issues its written Decision and Order.

## BACKGROUND

On January 22, 2009 Defendant was indicted on the following charges: 1) First Degree Criminal Sexual Conduct (As a 1st Degree Felony); 2) Second Degree Criminal Sexual Conduct (As a 1st Degree Felony); 3) Child Abuse (As a Misdemeanor); 4) First Degree Criminal Sexual Conduct (As a 1st Degree Felony); 5) Second Degree Criminal Sexual Conduct (As a 1st Degree Felony); 6) Terrorizing (As a 3rd Degree Felony); 7) Child Abuse (As a Misdemeanor); 8) Intimidation of a Witness by Extortion (As a 3rd Degree Felony); and 9) Second Degree Criminal Sexual Conduct (As a 1st Degree Felony). *See* Indictment (January 22, 2009).

On January 29, 2009, the Defendant filed a Motion in Limine to Exclude Evidence of Defendant's Prior Arrests. The People then provided notice of their intention to use evidence of similar crimes pursuant to GRE § 413. *See* Notice of Intent to Use Similar Crimes [GRE 413]

(Feb. 10, 2009). These motions were not disposed of, and since that time, new counsels have been assigned to this case. On March 18, 2014, the Court held a continued motion hearing. There, the Court granted Attorney Hattori's request for time to brief the recent Guam Supreme Court case, *People v. Chinel*, 2013 Guam 24, which dealt directly with the admission of Rule 413 evidence. As mentioned above, at the subsequent March 25, 2014 hearing, Attorney Hattori then requested a written decision on the motion.

## DISCUSSION

The People seek to introduce evidence that Defendant has previously sexually assaulted another person for purpose of sexual gratification. People's Resp. to Defense Mot. to Suppress Prior Sex Assault (Mar. 21, 2014). The Court is aware that the evidence the People seek to admit deals with a case that was ultimately dismissed. Defendant opposes the People's motion and argues that evidence of the allegations should be excluded under Rule 413 and 403. Def's. Supp. Mem. (Mar. 21, 2014).

Traditionally, Rule 404(b) prohibits evidence of past crimes if used to "prove the character of a person in order to show that he acted in conformity therewith." GRE 404(b). Congress, however, "made a fundamental exception to this rule by enacting Federal Rules of Evidence ("FRE") Rules 413, 414, and 415." *People v. Chinel*, 2013 Guam 24 ¶ 21. "The purpose of the new rules 'was to supersede Rule 404(b)'s prohibition on evidence of like conduct showing propensity in sexual assault cases." *Id.* Guam then enacted its own GRE 413, which is substantially similar to the FRE 413. *Id.* ¶ 22. GRE 413 provides:

> In a criminal case in which the defendant is accused of an offense of criminal sexual conduct, evidence of the defendant's commission of another offense or offenses of criminal sexual conduct is admissible, and may be considered for its bearing on any matter to which it is relevant.

GRE 413(a).

In *Chinel*, the Supreme Court adopted three threshold rules for determining if a prior offense or conduct is admissible under GRE 413. *Chinel*, ¶ 25. The rules are as follows:

> First, the defendant in the present case must be accused of sexual assault; Second, the evidence proffered must be evidence of the defendant's commission of another past act of sexual assault; and Third, the past act must be relevant, meaning that its existence must make any fact at issue more or less probable than if such evidence were excluded.

*Id.*

In the instant case, the first prong is easily satisfied. Under GRE 413, "criminal sexual conduct" includes, among other things, any offense under Title 9 GCA, Chapter 25. GRE 413(d)(1). Defendant is charged, among other things, with violating 9 GCA §§ 25.15(a)(1) and (b); 9 GCA §§ 25.20(a)(1) and (b). *See* Indictment (Jan. 22, 2009). Thus, the indictment meets the first prong of the test.

The second prong is also satisfied. As mentioned above, the People seek to introduce evidence that Defendant sexually assaulted another for sexual gratification. People's Resp. at 2. Accordingly, the evidence would demonstrate past criminal sexual conduct.

Finally, the evidence is relevant. "[I]t is generally accepted that a defendant with a propensity to commit acts similar to those charged is more likely to have committed the charged act than another and therefore such evidence is relevant." *Chinel*, ¶ 28. The People seek to admit Defendant's past conduct to show Defendant's propensity to engage in sexual assault for self-gratification. The Court finds Defendant's past conduct relevant to that matter.

Next, the Court must determine whether the evidence of past sexual assault may still be admissible under Rule 403. Pursuant to GRE 413(c), "this rule shall not be construed to limit the admission or consideration of evidence under any other rule." GRE 413(c). GRE 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

GRE 403.

When applying Rule 403 along with Rule 413, the Guam Supreme Court held that trial courts should apply the Ninth Circuit's test in *U.S. v. LeMay*, 260 F.3d 1018 (9th Cir. 2001). *Chinel*, ¶ 39. *Lemay* suggests that court's should examine: 1) the similarity of the prior acts to the acts charged; 2) the closeness in time of the prior acts to the acts charged; 3) the frequency of the prior acts; 4) the presence or lack of intervening circumstances; and 5) the necessity of the evidence beyond the testimonies already offered at trial. *LeMay*, 260 F.3d at 1028. The list of factors, however, are not exhaustive or mandatory and courts can consider other factors relevant to the case before it. *Id*.

At the hearing on March 25, the People expanded upon its written memoranda and explained that the victims in the current case, as well as the victim in the past sex assault case, are all relatives of Defendant. Thus, the People argued that the prior act and the charged acts are similar in that the Defendant took advantage of the trust afforded among family members when he committed the prior act and the presently charged acts. The People further noted that although there was an eight year gap in the prior act and the charged act, courts have permitted evidence of prior acts with larger windows of time in between.

Defendant argues that the evidence of the allegations contained in CF083-01 should be excluded under Rule 413 and Rule 403. Defendant first urges the Court to consider the Tenth circuit's 403/413 analysis in *U.S. v. Enjady*, 134 F.3d 1427 (10th Cir. 1998). Def's. Supp. Mem. at 2. That analysis is different from the *LeMay* factors suggested by the Guam Supreme Court. In *Enjady*, the court considered: "1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence." *U.S. v. Enjady*, 134 F.3d 1427 (10th Cir. 1998). When analyzing the probative dangers, the court also

considered: "1) how likely is it such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct." *Id*. Applying the above factors, Defendant points out that the prior case was dismissed and it would be difficult to prove the prior act due to unavailable witnesses, namely the alleged victim. Def's Supp. Mem. at 2. Second, Defendant argues that the facts of the prior case and the current case are substantially different, highlighting that a 2001 forcible rape at gunpoint allegation is completely dissimilar to the present fondling allegations. *Id*. Third, Defendant argues that the jurors would be confused and could improperly convict him because of an unrelated and dissimilar crime. *Id*. at 3. On those bases, Defendant argues that the factors outlined in *Enjady* have not been met, and evidence of the prior case should be excluded.

Next, Defendant applied the *LeMay* factors, as suggested by the Guam Supreme Court in *Chinel*. Applying those factors, Defendant again argues the dissimilarity of the prior case and the present case. Def's. Supp. Mem. at 3. Second, Defendant argues that there is no closeness in proximity between the two crimes. Further, Defendant suggests that the long period of time in between the allegations suggest an "intervening circumstance" that indicates Defendant is not a habitual offender. *Id*. Third, Defendant argues that because the government's case is purely testimonial, the issues will become muddled by all valid defenses contained in the prior allegation. *Id*. Lastly, Defendant argues that his intent can be proven through the introduction of other less prejudicial evidence. *Id*. at 4.

Although Defendant urges the Court to consider the factors outlined in *Enjady*, the Court will begin its analysis with the *LeMay* factors suggested by the Guam Supreme Court in *Chinel*. The Court finds that the cases are similar for purposes of allowing evidence of the prior allegation. In *Chinel*, the Court found sufficient similarity between the two cases then at issue.

Therein, the prior incident involved forced sexual intercourse with a 14-year old family member, while the subsequent incident involved touching and possible penetration of two adult tourists. *Chinel*, ¶ 8. The Supreme Court upheld the trial court's determination that both offenses were similar because both involved non-consent and consent was not otherwise proved. *Id.* ¶ 41. Here, the prior allegation involved forced sexual intercourse while the present case involves touching, or fondling. Like the trial Court in *Chinel*, the Court refuses to make a dispositive distinction between the two incidents. Furthermore, the Government informed the Court that both allegations involve family members and, while the precise facts of each case may be different, they both involve a breach of familial trust for Defendant to carry out his acts.[1] On those bases, the Court concludes that the allegations are sufficiently similar under *LeMay*.

Next, although the Court is aware of the eight year period in between the prior allegation and the current case, the Court points out that longer periods of time did not subject the defendant to unfair prejudice. *See Hollow Horn*, 523 F.3d at 888-889 (noting 11 and 20 year gaps did not render evidence unfairly prejudicial). On that basis, the Court concludes that the eight year period in this case is not unfairly prejudicial to Defendant.

The next *LeMay* factor deals with the frequency of the prior acts. In *Chinel*, the trial court focused on the timing of the acts rather than the number of acts. Although the Supreme Court held that trial courts should focus on the number of acts, it found that the trial court did not abuse its discretion therein. *Chinel*, ¶ 43. Here, the Court is unaware of any other prior acts and this factor would seem to weigh in favor of Defendant.

The Fourth *LeMay* factor involves the presence or lack of intervening circumstances. As noted above, Defendant argues that the eight year period is an intervening circumstance that suggests Defendant is not a habitual offender. Def.'s Supp. Mem. at 3. In *Chinel*, the Supreme

---

[1] At the hearing, the Defendant did not object to or rebut this assertion.

Court found that the primary intervening circumstance was that the Defendant was incarcerated for a considerable amount of time between the offenses, which perhaps restricted his ability to commit another one. *Chinel*, ¶ 44. Here, the Court is unaware of any intervening circumstances such as that in *Chinel*.

The final *LeMay* factor deals with the necessity of the evidence beyond the testimonies already offered at trial. Both the Government and Defendant acknowledge that these types of cases boil down to a "he said-she said" or a "swearing contest" between the Defendant and the alleged victims, suggesting the absence of physical or corroborating evidence for the present case. People's Resp. at 4; Def's. Supp. Mem. at 3. In *Chinel*, the Supreme Court upheld the trial court's allowing of the evidence "given the absence of physical evidence and reliance on the testimony of one victim in particular." *Chinel*, ¶ 45. On that basis, the Court finds this factor to weigh in favor of the People.

Aside from the *LeMay* factors, Defendant points out that because the prior case was dismissed, any evidence relative to that case should be excluded. The Government, however, correctly points out that Rule 413 does not necessarily require a conviction of the prior act. *See U.S. v. Guidry*, 456 F.3d 493, 502 (holding that the plain language of Rule 413 does not require a conviction).

Defendant also argues that evidence of the prior case will confuse the jury. Def's. Supp. Mem. at 3. The Court finds that the probative value of the evidence outweighs the potential that the evidence may confuse the jury. This finding is consistent with the spirit underlying Rule 413, which allows for propensity evidence in sexual assault cases.

//

//

//

## CONCLUSION

For the foregoing reasons, the Court finds that the evidence sought to be admitted by the Government is proper under Rule 413. Therefore, the Court DENIES the Defendant's Motion to Exclude Evidence under Rules 404(b), 413, and 403.

**IT IS SO ORDERED** this day of March 31, 2014.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam